Reginald P. Burgess
1339 E. Katella Ave #164
Orange, CA 92867-5204
Attorney for Reginald P. Burgess

ADR



E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| REGINALD BURGESS,<br>    Plaintiff,<br>v.<br>JASON FORBES, a citizen and resident of the State of South Dakota<br>EBAY Inc , a Delaware Corporation<br>PAYPAL Inc, a Delaware Corporation, and<br>DOES 1 TO 10<br>    Defendants. | Case No. C 09 00629 JF HRL<br>COMPLAINT FOR SPECIFIC PERFORMANCE, PERSONAL INJURIES, AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>1. Specific Performance<br>2. Fraud<br>3. Intentional Infliction of Emotional Distress<br><br>DEMAND FOR JURY TRIAL |

## I.     JURISDICTION

1.1    28 USC 1391(a)(3) – by agreement of the parties and contract, this is the district where the omissions, issues and personal jurisdiction is rooted.[1]

1.2    28 USC 1332 and 2201 – complete diversity exists and the amount in controversy will exceed the "sum or value" of $75,000.

1.3    Public Law 106-229 – the ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT, contract formation due on-line sales.

---

[1] The eBay and PayPal user agreements (**Exhibits Five A and B**) require the users of eBay and PayPal services to submit to exclusively the courts of Santa Clara County California where any claim, dispute or issue involves eBay or PayPal.

COMPLAINT OF REGINALD P. BURGESS            Reginald P. Burgess
                                              -1                                1339 E. Katella Ave #164
                                                                       Orange, CA 92867-5204

## PARTIES

Reginald P. Burgess is a resident of the City of Orange, County of Orange, California with a mailing address of 1339 E. Katella, #164, Orange CA, 92867-5204. He is a left leg trans femoral amputee 52 years old holding a prescription for a C-Leg prosthetic device, but without medical insurance that will pay for a C-Leg prosthetic. He has an eBay handle currently of gimp4diy.

Jason Forbes is a resident of South Dakota, with a mailing address of 7608 S Erica Dr Sioux Falls, SD 57108-6005, Minnehaha County, selling the estate item of his decreased wife being a full C-Leg prosthetic he listed on eBay as further described below which had an eBay item number of 130282366294. He showed and advertised it whole and assembled and then when he shipped it he took it apart destroying the usefulness of the item. He has an eBay handle of jf2093.

eBay Inc, is a Delaware Corporation, offering on-line sales services through it's website eBay.com and various other eBay named sites around the world registered as a California business Number: C2110301 Filed: 6/3/1998 which is active having a Jurisdiction of DELAWARE, with an address of 2145 HAMILTON AVE, SAN JOSE, CA 95125, with an Agent for Service of Process being National Registered Agents, Inc., 2875 Michelle Dr Ste 100, Irvine, CA 92606.

PayPal Inc, is a Delaware Corporation, offering on-line financial transaction services through it's website Paypal.com and is owned by eBay Inc. registered as California business Number: C2171783, Filed 7/30/1999 that is active showing a Jurisdiction of DELAWARE, with an address of 2145 HAMILTON AVE, SAN JOSE, CA 95125, and an Agent for Service of Process of National Registered Agents, Inc., 2875 Michelle Dr Ste 100, Irvine, CA 92606

# SUMMARY OF COMPLAINT - GENERAL ALLEGATIONS

FORBES advertised a Prosthetic leg on Ebay.com as an Item Title: Otto Bock C-Leg C Leg Prosthetic Microprocessor Knee with an Item number: 130282366294; Item URL http://cgi.ebay.com/ws/eBayISAPI.dll?ViewItem&item=130282366294 with an end date and time of Jan-23-09 18:18:52 PST  (Exhibit One)

The description read:

> "I am selling a USED C-Leg. This leg is out of waranty [sic] and is being sold AS-IS. It was 2005 when this knee was last serviced by Otto Bock. It has been in storage since.
>
> You get everything in the picture, knee, pylon, foot, charger, and socket connector pieces. Connector to the socket is the pyramid style.
>
> The knee charges up fine and the battery lasts just as long as it did when it was new. The leg needs to be serviced by Otto Bock.
>
> I will only ship to the lower 48 states.
>
> No reserve, payment by Paypal only.
>
> Just an addition to clarify, I do not think there is anything significantly wrong with this unit. It was last used in 2005 and worked fine then. It was in use after the last servicing which was sometime in 2005. The knee makes a little fluid noise when cycled, I do not know if this normal or not. I just think it would be in the buyers interest to have the unit serviced prior to use. Thanks for looking!

Plaintiff bid on this item and won it for the amount of $1,134.99. When the item arrived it had been disassembled and put into a small box in parts. When a C-leg is disassembled – being the lower pylon removed and unplugged – it loses all

programming and goes into what Otto Bock describe as "native mode" as though it was newly assembled and then requires to be reprogrammed with software only an Otto Bock certified prostheticist has access to. In essence the leg becomes useless. The fluid noise FORBES described is normal if the leg is stored on it's side until it expels the air itself normally in use. The leg did not need Otto Bock service.

PayPal has built into its user agreement an arbitration provision for items which arrived "Significantly Not As Described" (SNAD) in which the purchaser may file a claim on the PayPal website with PayPal alleging SNAD by the agreement;

> "13.7 SNAD Definition
> What is Significantly Not as Described (SNAD)?
> An item is Significantly Not as Described if it is materially different than what the seller described in the item listing. Here are some examples:
> . . .
> • The item is missing major parts or features which were not disclosed in the listing."

Here the item was pictured whole, and alleged as last known to be working. FORBES offered his opinion the item needed to be serviced by Otto Bock, but everything he described contradicted that opinion, and indeed the item charged, and self diagnosed itself after charging indicating it did not need any service.

A SNAD claim was filed as it was discovered the seller had damaged a part in disassembling it, as well as now causing a cost to the buyer plaintiff which would not have existed had he not disassembled the item – re-programming. The proposed offer to settle was for a partial refund of $599.00. $299 to replace the damaged part, and a $300 estimate for re-programming by a prostheticist. FORBES first stalled, then refused. In the span of time FORBES was stalling, plaintiff sent him a notice under Public Law 106-229 in accordance with the California Commercial Code that liquidated damages would mount at 10 percent

COMPLAINT OF REGINALD P. BURGESS

-4-

Reginald P. Burgess
1339 E. Katella Ave #164
Orange, CA 92867-5204

of the purchase price of the item per day for as long as he refused to address the matter and buyer plaintiff was denied use of the item. FORBES did not object.

As seen from a page from the Otto Bock setup manual, the C-leg knee re-enters native mode whenever the lower pylon is removed and unplugged. **(Exhibit Two)**

Pursuant to P.L. 106-229, the contract formed here consists of the item as pictured and to text of the auction as stated and any communications between the buyer and seller prior to the purchase. Here, one pre-sale communication occurred. As shown by **Exhibit three**, Buyer plaintiff asked "Why was it put into storage, and do you have the serial number from the unit?"

FORBES replied:

> It was used by my first wife who died in August 2005. I [sic I should be "It"] lived in my closet until I moved last year and has been in a storage unit since. The SN on the inside of the knee is SNX283192. The numbers on the top by the plug is X173118

This information would be consistent with a proper working unit that is NOT worn out nor requiring any service from Otto Bock, as the wearer passed away, not wore the item out from use. Plaintiff thus placed his maximum bid and won the item.

NEW, a C-leg requires a prescription and costs between 70 to 85 thousand dollars.

When the item arrived, plaintiff charged it, assembled it, put it on, and it was in "native mode" meaning it could not be walked in because the hydraulics were properly as stiff as possible when trying to walk; but when no weight was placed on the unit to try to walk, the knee would bend freely as it should. (as in able to bend it to sit down) Thus there is nothing wrong with the knee needing "service" – except the walking programming was destroyed by unplugging the sensor. When confronted with this reality, FORBES sought to use PayPal to limit his

liability for his repudiation, while on February 6, 2009 he did admit disassembling the item before shipping it. PayPal's liability limit is to the actual item cost.

When FORBES refused to settle the matter and deferred to PayPal to save him – which has an unspecified timeframe to decide a matter, - and has no power nor jurisdiction to decide damages beyond the purchase price; FORBES in essence caused greater damages preventing buyer plaintiff from use of the item, AND exhausted the liquidated damages claim beyond $1,134.99 in 5 days of stalling.

PayPal thus no longer has jurisdiction to decide this matter because FORBES did not accept the settlement offer proffered thorough PayPal before exhausting liquidated damages. Plaintiff explained the law to FORBES in **Exhibit Four**.

Ebay Inc is the parent company of PayPal Inc., and both companies as well as plaintiff are entitled to real-time immediate indemnification from FORBES if he wants to continue to stall and cause costs and waste the time of this court and eBay and PayPal. An order should issue accordingly immediately to cause him to deposit sufficient funds with the court to continue to resist his duties under law or in the alternative have judgment entered against him immediately if he cannot do so. PayPal has not violated the user agreement nor has eBay. **Exhibit Five**

If any action might be taken by the court against PayPal or eBay it should only be to order greater clarity and definition to explain to users that California law will apply and apprise the members of the potential hazards of violating the law and breaching a contract intentionally believing PayPal might be used to circumvent a court of law. FORBES having submitted to California law must be held to it.

The PayPal user agreement has a discrepancy to the law. The agreement provides

for rescission of a contract, and appears to require it on behalf of the seller, even if the buyer does want that. Then in contradiction it allows on its website the prayer for a partial refund through PayPal's arbitration provision, but the user agreement speaks nowhere to the instance of the resolution in that case. See 13.4 of the PayPal user agreement (See **Exhibit 5B, page 16 "How is the Claim Resolved"**). This is in direct conflict with California Commercial Code 2712 to 2717 and P.L. 106-229 as to enforcement of the contract which provides for consequential and liquidated damages collection in lieu of return. PayPal may not by law require the buyer to relinquish title and sell back to the seller the item at a loss which is at a minimum caused by return shipping cost born to buyer. (See also **Exhibit 6**)

No claim as to any cause of action is made as to PayPal or eBay, thus this is not "improperly filed litigation" as defined in the user agreements of the two.

While no claim exists as to PayPal, a case or controversy does exist as to the legitimacy and construction of its user agreement in juxtaposition to the rights of U.S. citizens under Public Law 106-229 and application of state law under it and interpretation as to its ambiguity and application as it relates to claims of users.

An Erie Doctrine proceeding is thus applicable in this case and Plaintiff thus complains and for causes of action alleges as follows:

## II. FIRST CAUSE OF ACTION
(SPECIFIC PERFORMANCE as to JASON FORBES and DOES – P.L. 106-229)
[CALIFORNIA CIVIL CODE 3391, COMMERCIAL CODE 2201 TO 2725]

2.1    BURGESS incorporates paragraphs 1.1 through 1.3 and the General Allegations as if fully re-alleged herein.

COMPLAINT OF REGINALD P. BURGESS

-7-

Reginald P. Burgess
1339 E. Katella Ave #164
Orange, CA 92867-5204

2.2  Defendant JASON FORBES (FORBES) is and at all times herein mentioned was a resident of the State of South Dakota.

2.3  Plaintiff Reginald Burgess (BURGESS) is and at all times herein mentioned was a resident of the City of Orange, County of _Orange, State of California.

2.4  Plaintiff Reginald Burgess is ignorant of the true names and capacities of defendants sued herein as DOES I through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

2.5  Plaintiff Reginald Burgess is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants OR DOES and was at all times acting within the purpose and scope of such agency and employment.

2.6  On or about Jan-23-09 18:18:52 PST in the City of San Jose, County of San Clara, State of California, Plaintiff and FORBES entered into a written agreement, a copy of which is attached hereto as Exhibit "One" and made a part hereof. By the terms of said written agreement, FORBES agreed to provide to BURGESS a USED C-Leg as pictured and described.

2.7  The consideration set forth in the agreement was the fair and reasonable.

2.8     Plaintiff Reginald Burgess has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract.

2.9     Defendant has failed and refused, and continues to fail and refuse, to perform the conditions of the contract on his part in that FORBES delivered an unusable item instead that requires rebuilding or re-purchase new to be useable as defined as to be a used C-leg as he described and showed it.

2.10    Plaintiff Reginald Burgess has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value under $75,000 for a new item and damages will be inadequate to compensate, as this item is only available to and through a prostheticist licensed to purchase such an item.

2.11    By the terms of said written agreements in both eBay and PayPal, the Plaintiff is entitled to recover reasonable attorney fees incurred in the enforcement of the provisions of the agreement due indemnification rights.

### III.    SECOND CAUSE OF ACTION
(For _FRAUD Against JASON FORBES and DOES)

3.1 BURGESS incorporates paragraphs 1.1 through 2.11 and the General Allegations as if fully re-alleged herein.

3.2 On or about Jan-23-09 18:18:52 PST in the City of _San Jose, County of Santa Clara, State of California, Defendant FORBES made specific representations of material fact it had no intention of keeping.

3.3 These representations were in fact false.

3.4 When defendant made the representations, FORBES knew they were false.

3.5 BURGESS acted in justifiable reliance upon the truth of the representations.

3.6 FORBES made the representations with the intent to defraud and induce BURGESS to act as described.

3.7 FORBES concealed or suppressed material facts the FORBES was bound to disclose.

3.8 FORBES concealed or suppressed these facts with the intent to defraud and induce BURGESS to act to purchase the item.

3.9 At the time BURGESS acted, BURGESS was unaware of the concealed or suppressed facts and would not have taken the action if BURGESS had known the facts.

3.10 Defendant made a promise about a material matter without any intention of performing it.

3.11 Because of BURGESS'S reliance upon FORBES conduct, FORBES has been damaged BURGESS and he was injured and hurt in his health, strength and activity, unable to walk in reliance upon this item, sustaining serious personal injuries to his body and suffered extreme humiliation and emotional distress all of which have required medical care and treatment. In addition

to the foregoing, BURGESS is informed and believes and, upon such information and belief, alleges that he has suffered other, as yet undiagnosed injuries as well as shock and injury to his nervous system and person, all of which injuries have caused and continue to cause him great physical, mental and nervous pain and suffering. BURGESS is informed and believes and, upon such information and belief, alleges that said injuries will result in permanent disability to him, all to his general and non-economic damages in an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof, pursuant to California Code of Civil Procedure § 425.10.

3.12  As a further, direct and proximate result of the injuries sustained as a sole, direct and proximate result of the above-described conduct of the FORBES and DOES, and each of them, BURGESS was required to submit to, undergo and endure medical and psychiatric care and treatment and has also sustained other injuries for which he has and will suffer severe pain, suffering, fear, worry and anguish in connection therewith, all to his further general and non-economic damages, BURGESS is informed and believes, and thereon alleges, that some of these injuries will be permanent, all to his general damages in an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof, pursuant to California Code of Civil Procedure § 425.10.

3.13  The actions of the FORBES and DOES constitute reprehensible and despicable conduct that subjected BURGESS to cruel and unjust hardship in conscious disregard of his rights, so as to justify an award of punitive damages from the FORBES and DOES in an amount to be proven at trial

3.14 BURGESS alleges that he is entitled to prejudgment interest pursuant to California Civil Code § 3288 from the date of the above-described conduct on Jan-23-09 18:18:52 PST up to and including the date of judgment, according to proof.

## IV. THIRD CAUSE OF ACTION
(For Intentional Infliction of Emotional Distress as to FORBES and DOES)

4.1 BURGESS incorporates paragraphs 1.1 through 3.14 and the General Allegations, and paragraphs above as if fully re-alleged herein.

4.2 FORBES ' conduct was outrageous, intentional and malicious, and was done with reckless disregard of the probability of causing BURGESS to suffer physical harm, humiliation, mental anguish, and emotional distress.

4.3 As a sole, direct and proximate result of the above-described conduct of FORBES and DOES, and each of them, BURGESS was injured and hurt in his health, strength and activity, unable to walk comfortably and safely, sustaining serious personal injuries to his body and suffered extreme humiliation and emotional distress all of which have required medical care and treatment. In addition to the foregoing, BURGESS is informed and believes and, upon such information and belief, alleges that he has suffered other, as yet undiagnosed injuries as well as shock and injury to his nervous system and person, all of which injuries have caused and continue to cause him great physical, mental and nervous pain and suffering. BURGESS is informed and believes and, upon such information and belief, alleges that said injuries will result in permanent disability to him, all to his general and non-economic damages in an amount which is in excess of this Court's minimum jurisdictional amount and which

will be stated according to proof, pursuant to California Code of Civil Procedure § 425.10.

4.4 As a further, direct and proximate result of the injuries sustained as a sole, direct and proximate result of the above-described conduct of FORBES and DOES, and each of them, BURGESS was required to submit to, undergo and endure medical and psychiatric care and treatment and has also sustained other injuries for which he has and will suffer severe pain, suffering, fear, worry and anguish in connection therewith, all to his further general and non-economic damages, BURGESS is informed and believes, and thereon alleges, that some of these injuries will be permanent, all to his general damages in an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof, pursuant to California Code of Civil Procedure § 425.10.

4.5 The actions of FORBES and DOES constitute reprehensible and despicable conduct that subjected BURGESS to cruel and unjust hardship in conscious disregard of his rights, so as to justify an award of punitive damages from FORBES and DOES in an amount to be proven at trial.

4.6 BURGESS alleges that he is entitled to prejudgment interest pursuant to California Civil Code § 3288 from the date of the above-described conduct on Jan-23-09 18:18:52 PST up to and including the date of judgment, to proof.

**WHEREFORE**, plaintiff prays for judgment against FORBES and DOES, as follows, as to each cause, the cash amount of $75,000, if a default occurs and/or;

1. An injunctive order as to indemnification as to eBay, PayPal and Burgess in accord the user agreements of eBay and Paypal and against FORBES requiring a deposit from FORBES with the court of $10,000 for each entity or party with the court in cash if FORBES motions or answers.

2. An injunctive order prohibiting PayPal from distributing the funds of this transaction pending a ruling of this court on this matter.

3. A declaratory order as to PayPal clarifying it's agreement under law.

4. General, special, consequential & compensatory damages in amounts to be proven at trial;

5. For punitive damages in an amount to be proven at trial.

6. For costs and reasonable attorneys' fees; and

7. For such other relief as is just and equitable.

I declare by the laws of the State of California under penalty of perjury the above is true and correct signed at Orange, California this 7th day of February 2009

_____
REGINALD P. BURGESS

**VERIFICATION AND DEMAND FOR JURY TRIAL**

I, Reginald Burgess, am a Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true, and as such demand a jury trial.

I declare by the laws of the State of California under penalty of perjury the above is true and correct signed at Orange, California this 7th day of February 2009

_____
REGINALD P. BURGESS

COMPLAINT OF REGINALD P. BURGESS

-14-

Reginald P. Burgess
1339 E. Katella Ave #164
Orange, CA 92867-5204