1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-filed on 2/19/09**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

REGINALD BURGESS,

                              Plaintiff,

        v.

JASON FORBES, et al.

                              Defendants.

Case Number C 09-629 JF (HRL)

ORDER[1] DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

[re: document  nos. 4, 6]

## I. BACKGROUND

On February 12, 2009, Plaintiff Reginald Burgess ("Burgess"), proceeding *pro se*, filed the instant action along with an application for temporary restraining order ("TRO") and a motion to proceed *in forma pauperis*.  Burgess alleges that he purchased a prosthetic leg, referred to as a "C-leg," on eBay for $1,134.99; that the C-leg contains a microprocessor that allows the leg to be programmed for walking; and that when Burgess received the C-leg the programming had been wiped out so that the C-leg was unusable.  Burgess acknowledges that the C-leg was

_____

[1] This disposition is not designated for publication and may not be cited.

Case No. C 09-629 JF (HRL)
ORDER DENYING APPLICATION FOR TRO ETC.
(JFLC2)

1    sold to him "as is" but alleges that he expected it to be in working order.  Burgess sues the seller,

2    Jason Forbes ("Forbes"), asserting claims for:  (1) specific performance; (2) fraud; and (3)

3    intentional infliction of emotional distress.  Burgess identifies eBay, Inc. and PayPal, Inc. as

4    additional defendants, but does not assert any claims against them.

5        Burgess alleges that a new C-leg would cost more than $75,000, but that because a new

6    C-leg is available only through a licensed prostheticist, money damages would be inadequate to

7    compensate him for his loss.  He seeks "specific performance" from Forbes, although the nature

8    of such performance is unclear; it appears that he may be seeking to require Forbes to provide

9    him with a working C-leg.  He also seeks money damages for fraud and intentional infliction of

10   emotional distress.  Finally, he seeks injunctive relief in the form of a TRO, although the nature

11   of the relief sought is unclear.  He asks that PayPal be required to freeze the transaction; that

12   PayPal and eBay be precluded from addressing any claims presented to them in connection with

13   the transaction; and that Forbes be required to "deposit in the court, the sum of $10,000 for each

14   defendant and plaintiff to indemnify and hold harmless each . . . ."  Ex Parte Motion For TRO at

15   7.

16                                **II. DISCUSSION**

17   **A.    Motion To Proceed *In Forma Pauperis***

18       Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil

19   action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing

20   fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1).  The court may deny *in forma*

21   *pauperis* status, however, if it appears from the face of the proposed complaint that the action is

22   frivolous or without merit.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v.*

23   *First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

24       It does not appear that federal subject matter jurisdiction lies over the instant case.

25   Burgess asserts diversity jurisdiction; however, because the transaction in question was for the

26   amount of approximately $1,200, it does not appear that the $75,000 threshold is met.  *See* 28

27   U.S.C. § 1332(a).  Burgess also asserts federal question jurisdiction based upon the Electronic

28   Signatures In Global And National Commerce Act, 15 U.S.C. § 7001, but does not allege a claim

                                        2

1    under this statute or demonstrate that a private right of action exists under the statute.  Because it

2    does not appear that Burgess has alleged a claim over which this Court has subject matter

3    jurisdiction, his motion to proceed *in forma pauperis* will be denied.  Burgess will be granted

4    thirty days to pay the filing fee for this action; if he does not do so, the action will be dismissed

5    without prejudice.

6    **B.    Application For TRO**

7           The standard for issuance of a temporary restraining order is the same as that for issuance

8    of a preliminary injunction.  *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236

9    F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes*

10   *Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a

11   preliminary injunction must show either (1) a likelihood of success on the merits and the

12   possibility of irreparable injury, or (2) the existence of serious questions going to the merits and

13   the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-

14   02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir.

15   1984).  These formulations represent two points on a sliding scale in which the required degree

16   of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.

17          As noted above, Burgess has not demonstrated the existence of federal subject matter

18   jurisdiction and so has not demonstrated a likelihood of success on the merits.  Moreover, it

19   appears that any injury arising out of the alleged fraudulent transaction would be compensable by

20   money damages.  Accordingly, the application for TRO will be denied.

21

22

23

24

25

26

27

28

3

**III. ORDER**

(1)     Plaintiff's motion to proceed *in forma pauperis* is DENIED.  If Plaintiff does not pay the filing fee in this action within thirty (30) days of the date of this order, the action will be dismissed without prejudice.

(2)     Plaintiff's application for TRO is DENIED.

(3)     And Order To Show Cause why the action should not be dismissed for failure to pay the filing fee is set for hearing on April 10, 2009; if Plaintiff pays the filing fee before that date the Order To Show Cause will be vacated.

DATED:  2/19/09

_____
JEREMY FOGEL
United States District Judge

4

1  This Order was served upon the following persons:

2

3  Plaintiff *pro se*:

4  Reginald P. Burgess
   1339 E. Katella Ave, #164
5  Orange, CA 92867-5204

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5