1

2          **E-Filed 4/20/09**

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12   REGINALD P. BURGESS,                    Case Number C 09-629 JF (HRL)

13                    Plaintiff,             ORDER[1] GRANTING MOTION TO
                                             DISMISS BROUGHT BY
14         v.                                DEFENDANTS EBAY AND PAYPAL

15   JASON FORBES, et al.,                   [re:  document no. 20]

16                    Defendants.

17

18

19        Defendants eBay, Inc. ("eBay") and PayPal, Inc. ("PayPal") (collectively, "Moving

20   Defendants") have filed a motion to dismiss the complaint for insufficient service of process,

21   lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.

22   Plaintiff Reginald Burgess ("Burgess"), proceeding *pro se*, failed to appear at the hearing.

23   Defendant Jason Forbes ("Forbes"), proceeding *pro se*, and counsel for the Moving Defendants

24   appeared telephonically with prior approval of the Court.  For the reasons discussed below, the

25   motion to dismiss will be granted with leave to amend.

26

27

28
                 [1]      This disposition is not designated for publication in the official reports.

# I. BACKGROUND

On February 12, 2009, Burgess filed the instant action along with an application for a temporary restraining order ("TRO") and a motion to proceed *in forma pauperis*.  Burgess alleges that he purchased a prosthetic leg, referred to as a "C-leg," on eBay for $1,134.99; that the C-leg contains a microprocessor that allows the leg to be programmed for walking; and that when he received the C-leg the programming had been wiped out so that the C-leg was unusable.  Burgess acknowledges that the C-leg was sold to him "as is" but alleges that he expected it to be in working order.  Burgess sues the seller, Forbes, asserting claims for:  (1) specific performance; (2) fraud; and (3) intentional infliction of emotional distress.  Burgess identifies eBay and PayPal as additional defendants, but he does not assert any claims against them.

Burgess alleges that a new C-leg would cost more than $75,000, but that because a new C-leg is available only through a licensed prostheticist, money damages would be inadequate to compensate him for his loss.  He seeks "specific performance" from Forbes, although the nature of such performance is unclear; it appears that he may be seeking to require Forbes to provide him with a working C-leg.  He also seeks money damages for fraud and intentional infliction of emotional distress.  Finally, he seeks injunctive relief, although the nature of the relief sought is unclear.

On February 19, 2009, the Court denied both the request to proceed *in forma pauperis* and the application for a TRO, noting among other things that Burgess had not demonstrated the existence of federal subject matter jurisdiction.  The Court directed Burgess to pay the filing fee within thirty days, and set a hearing for April 10, 2009, by which time Burgess was required to pay the filing fee or show cause why the action should not be dismissed for failure to pay the fee.

Burgess subsequently filed a request for leave to file electronically and a supplement to his application for a TRO.  On March 2, 2009, the Court issued an order granting Burgess's request to file electronically and declining to reconsider the denial of his TRO application.  On the same date, Defendants eBay and PayPal filed a motion to dismiss the complaint for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.  Also on March 2, 2009, Burgess filed an application for leave

Case No. C 09-629 JF (HRL)
ORDER GRANTING MOTION TO DISMISS BROUGHT BY DEFENDANTS EBAY AND PAYPAL
(JFLC2)

1  to file a motion for reconsideration of the Court's denial of his request to proceed *in forma*

2  *pauperis* and application for a TRO.  The Court stated that for reasons of judicial economy, it

3  would consider Burgess's arguments regarding the existence of subject matter jurisdiction in the

4  context of Moving Defendants' motion to dismiss; the Court therefore denied Burgess's

5  application to file a separate motion for reconsideration, but directed him to present all of his

6  arguments in his opposition to the motion to dismiss.  The Court also continued the hearing on

7  the Order To Show Cause from April 10 to April 17, to be heard with the motion to dismiss.

8          On March 11, 2009, Burgess filed a "Reply To Motion For 12(b) Dismissal & OSC,"

9  which document the Court construes as an opposition to the motion to dismiss and response to

10  the Order To Show Cause.  He also filed a "Reply To Courts [sic] Order Of Consolidation And

11  Direction To Address OSC And Motion For Dismissal" on March 31, 2009, which document the

12  Court construes as a further opposition to the motion to dismiss and a further response to the

13  Order To Show Cause.  On April 3, 2009, Defendants filed a reply with respect to their motion to

14  dismiss.

15          On March 31, 2009, Burgess filed a motion for sanctions, which he noticed for hearing on

16  April 17, 2009.  On April 8, 2009, Burgess filed a notice of non-opposition to his sanctions

17  motion and a supplement to the motion.  Burgess did not contact opposing counsel or chambers

18  staff to reserve a hearing date for his sanctions motion as required under this Court's standing

19  order.  Moreover, his motion was filed fewer than thirty-five days prior to the noticed hearing

20  date in violation of Civil Local Rule 7-2.  Accordingly, the motion for sanctions is not properly

21  before the Court and will not be considered at this time.  If Burgess wishes to pursue a motion for

22  sanctions, he may contact opposing counsel and chambers staff pursuant to the Court's standing

23  order and reserve a date for hearing on the motion.  Burgess then may renotice the motion for the

24  reserved date.  Pursuant to Civil Local Rule 7-3, Defendants' response to the motion would be

25  due twenty-one days prior to the hearing date.

26                                          **II. DISCUSSION**

27          A defendant may assert the defense of "insufficient process" by motion.  Fed. R. Civ. P.

28  12(b)(4).  Moving Defendants demonstrate that Burgess served upon them a summons that does

1    not contain a signature or seal by the Clerk of the Court.  *See* Caulfield Decl. ¶ 2 and Exh. A.  A

2    technical defect ordinarily will not justify dismissal of the lawsuit absent a showing of prejudice.

3    *United Food & Commercial Workers Union v. Alpha Beta*, 736 F.2d 1371, 1382 (9th Cir. 1984).

4    Given Burgess's *pro se* status, the Court declines to dismiss the complaint on this basis.

5           However, the Court will dismiss the complaint for failure to demonstrate federal

6    jurisdiction.  Burgess asserts that there is diversity of citizenship, but he fails to allege any facts

7    demonstrating as much.  Although Burgess alleges that eBay and PayPal are Delaware

8    corporations, he also alleges that both companies have San Jose addresses.  For diversity

9    purposes, a corporation is considered to be a resident of both the state of incorporation and the

10   state in which its principal place of business is located.  28 U.S.C. § 1332(c).  Moreover, Burgess

11   has failed to allege facts demonstrating that the amount in controversy exceeds $75,000 given

12   that this action arises out of a transaction for approximately $1,200.  *See* 28 U.S.C. § 1332(a)

13   (requiring an amount in controversy of at least $75,000 for diversity jurisdiction).  Accordingly,

14   it appears from the face of the complaint that diversity jurisdiction does not lie.

15          Burgess asserts alternatively that federal question jurisdiction lies based upon the

16   Electronic Signatures In Global And National Commerce Act, 15 U.S.C. § 7001.  However, as

17   noted in the Court's Order of February 19, 2009, Burgess does not allege a claim under this

18   statute or demonstrate that a private right of action exists under the statute.

19          The Court also will dismiss the complaint for failure to state a claim against Moving

20   Defendants.  *See* Fed. R. Civ. P. 12(b)(6).  None of the claims of the complaint is asserted against

21   eBay or PayPal.

22          It appears highly unlikely that Burgess will be able to assert any viable action in this

23   Court against Moving Defendants.  However, given his *pro se* status, the Court will afford him

24   one opportunity to cure the defects of his complaint; accordingly, the Court will grant Burgess

25   thirty days' leave to amend.

26          Because it concludes that Burgess has failed to demonstrate the existence of a viable

27   claim, the Court declines to reconsider its denial of Burgess's application to proceed *in forma*

28   *pauperis*.  If Burgess fails to pay the filing fee within thirty days of the date of this Order, the

1  Court will dismiss the action without prejudice for failure to pay the filing fee.

2  **III. ORDER**

3  (1)   The motion to dismiss brought by eBay and PayPal is GRANTED WITH LEAVE

4  TO AMEND on the grounds set forth above.  Burgess shall file any amended

5  complaint within thirty days of the date of this Order; and

6  (2)   Burgess shall pay the filing fee within thirty days of this Order; if he fails to do so,

7  the Court will dismiss the action without prejudice for failure to pay the filing fee.

8

9

10

11

12

13  DATED:  4/20/09

14  _____

15  JEREMY FOGEL
   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1   Copies of Order served on:

2

3   Andrew Terry Caulfield       andrew.caulfield@hklaw.com, beverley.huppert@hklaw.com,
    robert.jimenez@hklaw.com

4

5   Reginald P. Burgess
    1339 Katella Avenue #164
6   Orange, CA 92867-5204

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 09-629 JF (HRL)
ORDER GRANTING MOTION TO DISMISS BROUGHT BY DEFENDANTS EBAY AND PAYPAL
(JFLC2)